IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN NOLAN, | |
| Plaintiff, | |
| v. | CIVIL NO. MJM- 22-02488 |
| GERARD F. MILES, JR., et al. | |
| Defendants. | |

### MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff Stephen Nolan commenced this civil action against Defendants The Cadle Company ("Cadle"), the State of Maryland ("Maryland"), and Gerard F. Miles, Jr. and Henry P. Callegary (together, "Individual Defendants"), alleging generally that Defendants violated his constitutional rights by improperly foreclosing upon his property in Maryland state court. ECF 1. Plaintiff further alleges Defendants committed and conspired to commit fraud, slander of title, and intentional infliction of emotional distress, and violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*.

Currently pending are four motions: Individual Defendants' Motion to Dismiss (ECF 50); Plaintiff's Motion for Summary Judgment (ECF 16); Plaintiff's Motion for Injunction (ECF 38); and Plaintiff's Motion for Entry of Default (ECF 51). Individual Defendants' Motion to Dismiss is fully briefed. The Court has reviewed the filings and finds that no hearing is necessary. L.R. 105.6. For the reasons stated below, Individual Defendants' Motion will be GRANTED. The remaining motions will be DENIED as moot.

## I. BACKGROUND

### A. Procedural Background

Plaintiff filed the Complaint in this matter on September 29, 2022, alleging eight counts against all Defendants: (1) violations of 42 U.S.C. § 1983; (2) violations of due process; (3) conspiracy to commit real estate deed fraud; (4) forgery; (5) wrongful foreclosure; (6) breach of contract; (7) real estate deed fraud; and (8) obstruction of the administration of justice. ECF 1.

On March 24, 2023, Defendant Miles, acting as counsel, filed a motion to dismiss for failure to state a claim on behalf of himself, Cadle, and Callegary. ECF 12. On November 8, 2023, the Court[1] struck the motion to dismiss as to Defendants Cadle and Callegary, finding that Defendant Miles's representation of the other Defendants was a violation of L.R. 101.1(a).[2] ECF 40. The Court ordered that Defendants Cadle and Callegary respond to the Complaint within 30 days of their attorneys' entry of appearance. *Id.* On December 4, 2023, Attorney Gerard F. Miles, Sr., entered his appearance for Individual Defendants. ECF 44. On December 8, 2023, Attorney Kevin G. Barker entered his appearance for Cadle. ECF 45.

On January 3, 2024, Individual Defendants filed a motion to dismiss for failure to state a claim. ECF 50. This Court construes the motion as superseding the previous motion to dismiss (ECF 12).

Plaintiff has filed three motions that remain pending: a motion for summary judgment, filed on May 9, 2023, ECF 16; an emergency motion for injunction, filed on November 7, 2023, ECF 38; and a motion for Clerk's entry of default, filed on January 2, 2024, ECF 51.

---

[1] This case was originally assigned to Judge Theodore D. Chuang. On November 14, 2023, the case was reassigned to the undersigned.

[2] L.R. 101.1(a) provides that "[i]ndividuals who are parties in civil cases may only represent themselves."

## B. Factual Background

The following facts are derived from the Complaint (ECF 1), documents incorporated into the Complaint by reference, and public records.[3] Plaintiff alleges Defendants committed and conspired to commit real estate fraud by wrongfully foreclosing on his former property in Clinton, Maryland (the "Property").[4] ECF 1 at 9. He further alleges Defendants forged and/or illegally altered bank loan documents to support their foreclosure action in the District Court of Maryland for Prince George's County. *Id.* According to Individual Defendants, Miles and Callegary were trustees prosecuting the foreclosure on behalf of Cadles of West Virginia, LLC ("Cadles WV"). ECF 47 ¶ 1. According to the Special Warranty Deed, ECF 47-2, Defendant Cadle is the manager of Cadles WV. The Circuit Court for Prince George's County verified the sale of the Property to Cadles WV following the foreclosure. *Id.*

Plaintiff claims an emergency injunction is necessary because the current owner of the Property—to whom the Property was allegedly sold after the foreclosure sale—"has the intent of breaking ground [at the Property] with at minimum cylindrical columns embedded into the floodplain zones damaging [Plaintiff's] property and site plan." ECF 38 ¶ 19.

---

[3] When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must take the factual allegations in the complaint as true, *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016), and consider documents either attached to the complaint as exhibits or incorporated by reference, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A court may also "take judicial notice of matters of public record" when considering a motion to dismiss. *Corbitt v. Baltimore City Police Dep't*, Civ. No. RDB-20-3431, 2023 WL 3793997, at *3 n.5 (D. Md. June 2, 2023).

[4] In January 2022, Plaintiff filed a similar action in this Court, *Nolan v. Bright*, DKC-22-196, 2022 WL 717048 (D. Md. March 10, 2022). The Court dismissed Plaintiff's Complaint for failure to state a claim and for frivolousness.

## II.   LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

Filings by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").The Court will not "attempt to discern the unexpressed intent of the plaintiff," but will "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (internal quotations and citation omitted).

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at

4

555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

Ordinarily, a court "is not to consider matters outside the pleadings or to resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, courts may "consider documents that are explicitly incorporated into the complaint by reference" or "document[s] submitted by the movant" that are "integral to the

complaint" if "there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citations omitted). Additionally, "courts may take judicial notice of publicly available records without converting a motion to dismiss to a motion for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 502–03 (D. Md. 2019).

## III. ANALYSIS

For the reasons stated below, this Court agrees with Individual Defendants that Plaintiff's Complaint fails to state a claim upon which relief can be granted and, accordingly, must be dismissed.[5]

### A. Count I: Violation of 42 U.S.C. § 1983

Count I of the Complaint is titled "Violation of 42 U.S.C. § 1983." Section 1983 provides a cause of action against a "person" who, acting under color of state law, subjects a person within the jurisdiction of the United States to the deprivation of federal rights. 42 U.S.C. § 1983. The statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir.

---

[5] Notably, "[f]ederal courts may exercise supplemental jurisdiction over state law claims if they 'form part of the same case or controversy' as claims that are properly within the jurisdiction of the federal court." *Isaac v. N. Carolina Dep't of Transp.*, 192 F. App'x 197, 199 (4th Cir. 2006). Because the federal claims in Count I and Count II are subject to dismissal, the Court lacks pendent jurisdiction over each of the state law claims in Count III through Count VIII. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that a federal court should generally not retain jurisdiction over state law claims where federal claims drop out before trial). As explained *infra*, the Court also finds that Plaintiff fails to state a claim upon which relief may be granted in Counts III through VIII.

2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997).

Under the Eleventh Amendment to the United States Constitution, a state, including its agencies and departments, is immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 "does not abrogate a state's sovereign immunity from suit. Instead, it allows suits against 'persons'—generally state officials—for violations of civil liberties. The state itself, including entities that are 'arms of the state,' are not 'persons' under Section 1983 and remain immune" from suit. *Johnson v. McCowan*, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021).

In this case, none of the Defendants are subject to suit under § 1983. Plaintiff broadly alleges Defendants "violated Federal Laws" and violated Plaintiff's due process rights. ECF 1 at 2. He asserts the State of Maryland is liable because it is involved in the registration and processing of property deeds. *Id.* But Maryland has not waived immunity for claims brought in federal court pursuant to § 1983. *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020). Cadle, Miles, and Callegary are private parties. Plaintiff does not allege or argue that these Defendants were state actors or acting under color of the law. Accordingly, Count I must be dismissed.

B. **Count II: Violation of Due Process**

In Count II of the Complaint, Plaintiff alleges Defendants "violated the plaintiff's right to due process . . . by using an unfair court process that is in violation of the federal laws and the court rules." ECF 1 at 11. The Fourteenth Amendment of the U.S. Constitution "prohibits the States from 'depriv[ing] any person of life, liberty, or property without due process of law.'" *Snider Int'l Corp. v. Town of Forest Heights, Md.*, 739 F.3d 140 (4th Cir. 2014) (quoting U.S. Const. amend. XIV). The Fourth Circuit has held that a plaintiff must make three showings to prevail on

a procedural due process claim: "(1) a cognizable liberty or property interest; (2) the deprivation of that interest by some form of state action; and (3) that the procedures employed were constitutionally inadequate." *Shirvinski v. United States Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012).

As with Count I, Count II fails because Maryland is immune from suit, and the remaining Defendants are not state actors. *See Morris v. Shellpoint Mortg. Servicing*, Civ. No. DLB-19-1213, 2021 WL 4478723, at *5 n.2 (D. Md. Sept. 30, 2021) (dismissing the "plaintiff's due process claims . . . for failure to state a claim [where] none of defendants [were] . . . state actor[s]"). Accordingly, Count II will be dismissed.

**C. Counts III and VII: Civil Conspiracy and Real Estate Deed Fraud**

In Count III and VII of the Complaint, Plaintiff alleges Defendants committed and conspired to commit real estate deed fraud. Individual Defendants argue Count III should be dismissed because the Complaint does not identify which Defendants conspired or provide any factual allegations regarding the alleged fraud Defendants conspired to commit. ECF 50-1 at 3–4. Similarly, they argue Count VII should be dismissed because they acted in accordance with the state property transfer statute. *Id.* at 5.

Under Maryland law, a claim for civil conspiracy requires: "1) [a] confederation of two or more persons by agreement or understanding; 2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and 3) [a]ctual legal damage resulting to the plaintiff." *Lloyd v. GMC*, 916 A.2d 257, 284 (Md. 2007). A conspiracy to commit fraud "'is the confederation of two or more persons to cheat and defraud, when the design has actually been executed,' thus harming the victim." *Hoffman v.*

*Stamper*, 843 A.2d 153, 179 (Md. Ct. Spec. App. 2004) (quoting *Checket-Columbia Co. v. Lipman*, 94 A.2d 433 (Md. 1953)).

To prevail on a claim for fraud, a plaintiff must show:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Access Funding, LLC v. Linton*, 290 A.3d 112, 143 (Md. 2022) (citing *Gourdine v. Crews*, 955 A.2d 769, 791 (2008)). A party alleging fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). To satisfy this heightened pleading standard, "a plaintiff must allege facts establishing the 'who, what, when, where, and how' of the claimed fraud." *In re Mun. Mortg. & Equity, LLC, Sec. & Derivative Litig.*, 876 F. Supp. 2d 616, 625 (D. Md. 2012), *aff'd sub nom. Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874 (4th Cir. 2014) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)).

In this case, Plaintiff generally asserts that Defendants "committed acts of forgery when they fraudulently made false documents and altered real documents as if they are genuine." ECF 1 at 5. He further alleges Defendants filed a contract—presumably in the underlying lawsuit—that was "missing at least 6 . . . provisions that are listed in the original contract." *Id.* at 6. According to Plaintiff, Defendants' use of "a statute that is not . . . valid" constitutes fraud. *Id.* at 12. Finally, he asserts "[t]he state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office." *Id.* at 2.

None of the foregoing allegations are sufficient to plead the circumstances of the alleged fraud with particularity under Fed. R. Civ. P. 9(b) or to "give the defendant[s] fair notice of what

the . . . claim is and the grounds upon which it rests[,]" as required by Fed. R. Civ. P. 8(a)(2). *Twombly*, 550 U.S. at 555 (cleaned up). Indeed, it is unclear what fraud Plaintiff alleges Defendants committed or conspired to commit. Plaintiff states Defendants created false documents and/or altered "real documents," but does not identify or describe with any specificity the documents to which he refers, or the alterations Defendants' allegedly made. Plaintiff generally refers to a contract that Defendants "filed," but he does not allege that any provisions of this contract were illegally altered or falsified. Plaintiff alleges Defendants failed to include six provisions of the contract as an attachment in the underlying foreclosure action, ECF 1 ¶ 48, but he fails to state how such omissions were fraudulent. Critically, Plaintiff fails to assert that Defendants made any false representation or that Plaintiff relied on such false representation. Plaintiff does not allege which Defendants conspired to commit fraud, or where, when, or how the alleged conspiracy was formed or any acts in furtherance of the conspiracy were taken.

Plaintiff fails to sufficiently plead a cause of action for civil conspiracy or fraud. Accordingly, the Complaint will be dismissed as to Counts III and VII.

### D.  Count IV: Forgery

Plaintiff alleges forgery in Count IV of the Complaint, specifically that a promissory note recorded in connection with a mortgage for the Property did not bear a genuine signature. ECF 1 at 3. Under Maryland law, forgery is also a valid defense to foreclosure and has three elements: "[1] a false making or material alteration, [2] with intent to defraud, [3] of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." *Mitchell v. Yacko*, 161 A.3d 14, 23 (Md. Ct. Spec. App. 2017) (citation omitted). But "Maryland does not recognize a stand-alone civil action for document forgery . . . ." *Est. of Jones v. NMS Health Care*

*of Hyattsville, LLC*, 903 F. Supp. 2d 323, 329 (D. Md. 2012). Thus, Count IV fails to state a claim upon which relief may be granted and must be dismissed.[6]

### E. Counts V: Wrongful Foreclosure

In Count V of the Complaint, Plaintiff alleges Defendants wrongfully foreclosed on the Property. Individual Defendants argue Count V should be dismissed because the underlying foreclosure was valid and based on Cadles WV's lien on the property. ECF 50-1 at 4. Plaintiff's claim fails because "'wrongful foreclosure' . . . is not a cause of action that Maryland law recognizes." *Morris*, 2021 WL 4478723, at *5 n.2 (citing *Franklin v. BWW Law Grp., LLC*, Civ.

---

[6] Even if Plaintiff stated a plausible claim of forgery, it is likely that such a claim should have been raised as a defense in the underlying foreclosure action under Rule 14-21 and would therefore be barred by res judicata. As Judge Grimm recognized in *Proctor v. Wells Fargo Bank, N.A.*:

> [R]es judicata bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. . . . This Court consistently has held that res judicata bars collateral attack on foreclosure judgments. *See Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element was satisfied because "all of Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and RICO; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action") . . . .

289 F. Supp. 3d 676, 684 (D. Md. 2018).

No. DKC-16-455, 2016 WL 2756576, at *6 n.4 (D. Md. May 12, 2016)). The Complaint will be dismissed as to Count V.[7]

### F. Counts VI: Breach of Contract

In Count VI of the Complaint, Plaintiff alleges breach of contract. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001). The Complaint fails to support Plaintiff's conclusory allegation that Defendants breached a contract with any specific facts. Plaintiff fails to identify any contractual obligation Defendants plausibly owed him. The Complaint will be dismissed as to Count VI.

### G. Counts VIII: Obstruction of the Administration of Justice

In Count VIII of the Complaint, Plaintiff alleges "Obstruction of the Administration of Justice." "[T]here is no civil cause of action in Maryland for obstruction of justice." *Livingston v. Jones*, No. 219, Sept. term, 2018, 2019 WL 2152924, *3 (Md. Ct. Spec. App. May 16, 2019). Count VIII fails to state a claim upon which relief may be granted and, for this reason, will be dismissed.

---

[7] Judge Chasanow explained in *Nolan v. Bright*:

> To the extent [Plaintiff] challenges the foreclosure itself, his claim fails. Where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641-42 (D. Md. 2015); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).

2022 WL 717048, at *7 n.2 (D. Md. March 10, 2022).

### H. Other Claims

Although not specified in separate counts, Plaintiff also appears to allege Defendants are liable for slander of title and/or credit, infliction of emotional distress, and FDCPA and TILA violations. These allegations must also be dismissed for failure to state a claim.

#### 1. Slander of Title and/or Credit

"To support a claim for slander of title, a plaintiff must plead facts sufficient to show (1) a false statement, (2) that the false statement was communicated to someone else (publication), (3) malice, and (4) special damages." *Rounds v. Md.-Nat'l Capital Park & Planning Comm'n*, 109 A.3d 639, 663 (Md. 2015). Plaintiff alleges, "The defendants have caused to be recorded various documents including an unlawful foreclosure which constitutes slander of title, and the plaintiff should be awarded resulting damages to be fully proved at the time of trial." ECF 1 at 12. Plaintiff further states that Defendants' actions "have impaired [his] credit" and caused him damages. *Id.* Plaintiff does not specifically allege which statements within the foreclosure documents were false. As discussed in Sections C and D, *supra*, Plaintiff fails to identify any false statements Defendants made in the underlying foreclosure action. Further, Plaintiff's conclusory allegation that Defendants acted with malice lacks any factual support. Plaintiff fails to state a claim for slander of title.

#### 2. Infliction of Emotional Distress

A claim for intentional infliction of emotional distress ("IIED") under Maryland law requires four elements: "1) the conduct must be intentional or reckless, 2) the conduct must be extreme and outrageous, 3) there must be a [causal] connection between the wrongful conduct and the emotional distress, and 4) the emotional distress must be severe." *Mixter v. Farmer*, 81 A.3d 631, 637 (Md. Ct. Spec. App. 2013) (citing *Harris v. Jones*, 380 A.2d 611 (Md. 1977)). Maryland's

highest court has emphasized that the tort of IIED "is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Kentucky Fried Chicken Nat'l Management Co. v. Weathersby*, 607 A.2d 8, 11 (Md. 1992). Further, "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community . . . ." *Id.* (citing Restatement (Second) of Torts § 46 cmt. d (1965)). "Maryland does not recognize the tort of negligent infliction of emotional distress." *Alban v. Fiels*, 61 A.3d 867, 876 (Md. Ct. Spec. App. 2013).

Plaintiff alleges that Defendants "have intentionally and negligently taken illegal actions . . . ." ECF 1 at 12. Further, he states "[t]he attack on [his] property using a statute that is not . . . valid" and Defendants' alleged omissions of parts of the real estate contract constitute a "clear showing of illegal intent to cause distress." *Id.* at 12–13. These conclusory allegations are unsupported by facts. Plaintiff fails to identify or describe what "extreme" or "outrageous" conduct by Defendants caused him emotional distress. The Complaint fails state a claim of IIED.

### 3. FDCPA and TIPA

Plaintiff does not allege sufficient facts to support any claim that Defendants violated either FDCPA or TILA.

To state a successful claim under the FDCPA, a plaintiff must show that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Price-Richardson v. DCN Holdings, Inc.*, 2018 WL 902167, at *3 (D. Md. Feb. 15, 2018).

Plaintiff asserts that Defendants violated the FDCPA "when they engaged in abuse, threats, coercion, misrepresentation, fraud, harassment, unfair means, and deception to collect a debt where there is no injured party." ECF 1 at 5. Plaintiff does not state how Defendants abused or threatened him to collect a debt. Rather, Plaintiff's allegations sound in Defendants' alleged failure to properly follow the procedures for a foreclosure action. As discussed in Section E, *supra*, to the extent Plaintiff challenges the foreclosure itself, his claim fails.

"Under TILA, a borrower may rescind a consumer loan transaction under certain circumstances . . . ." *Anand v. O'Sullivan*, 168 A.3d 1030, 1039 (Md. Ct. Spec. App. 2017). Plaintiff states his loan "can be rescinded" under TILA where the lender did not "provide[] the proper disclosures." ECF 1 at 6. He fails to identify the "proper disclosures" to which he was entitled from Defendants.

Plaintiff does not describe, with any degree of specificity, any acts or omissions by Defendants that violated FDCPA or TILA. Accordingly, any claims Plaintiff raises under these statutes must be dismissed.

IV.   ORDER

For the reasons stated herein, it is hereby ORDERED that Defendants' Motion to Dismiss (ECF 50) is GRANTED, and the Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff's Motion for Summary Judgment (ECF 16), Motion for Injunction (ECF 38), and Motion for Entry of Default (ECF 51) are DENIED AS MOOT. The Clerk is directed to CLOSE this case.

February 21, 2024                            /S/
                                      Matthew J. Maddox
                                      United States District Judge

15